IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00069-004 |
| v.  ) | |
| ) | By:  Elizabeth K. Dillon |
| BRANDI ANN DOSS  ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Brandi Ann Doss's motion for early termination of her supervised release.  (Dkt. No. 315.)  Neither the government nor the probation office opposes the request.  Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Doss's motion, which will be granted.

I.  BACKGROUND

In 2017, Doss pled guilty to one count of conspiracy to possess with intent to distribute a detectable amount of methamphetamine and one count of distribution of a detectable amount of methamphetamine.  (Dkt. No. 119.)  Doss was sentenced to 63 months incarceration and three years of supervised release.  (Dkt. No. 176.)  Doss has served her term of incarceration and more than 14 months of her supervised release term.  Doss is currently 41 years old.

According to the Statement of Facts signed by Doss (Dkt. No. 120), from late 2015 or early 2016 until at least June 6, 2016, Doss was involved in a conspiracy to distribute methamphetamine in and around the Roanoke Valley with Curtis Hilton, Lewis Cheresnowsky, Joy Mason, and others.  Beginning in late 2015 or early 2016, Hilton would supply Doss and others with methamphetamine, which she would then redistribute to customers in this area.  Law enforcement observed Doss while she sold a substance containing approximately 3.63 grams of methamphetamine to a confidential informant.  In an interview with law enforcement, Doss also

admitted that she deposited money that she knew to be drug proceeds into Hilton's bank accounts on three occasions. Law enforcement was able to develop at least three other sources of information who had personal knowledge that Doss was involved in the conspiracy.

After completing her term of incarceration, Doss began serving her term of supervised release on June 10, 2021. Her supervision is set to expire on June 9, 2024. Doss filed a letter request to terminate her supervised release (Dkt. No. 315) on August 29, 2022, noting that she has maintained steady, full-time employment in Lebanon, Virginia, since January 2021 (and was promoted in July 2021), that she has moved into her own apartment out of the halfway house in Lebanon where she previously lived, that she has mended relationships with her children, and that she has remained sober. Probation offers that since being released, all of her drug screens have been negative, and she is now being supervised on the low-risk, administrative caseload.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early

discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Doss's offense was serious, she has utilized her term of incarceration to rehabilitate herself, reflect on her actions and lifestyle choices, and further develop bonds with her children—which she characterized as "stronger than ever" today.  (Dkt. No. 315.)  Moreover, she intentionally found a residence and stable employment outside of Roanoke as a means of starting fresh.  Doss appears to be aware that permanently changing her lifestyle will not be easy, but she is nevertheless driven to do so, both for her own benefit and for the benefit of her children.  At this point, Doss has served her period of incarceration and over one-third of her supervised release term.  The court finds that there is no longer a need to protect the public or to deter Doss from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Doss's motion for early termination of her supervised release.

### III.  CONCLUSION

For the foregoing reasons, Doss's motion for early termination of supervised release (Dkt. No. 315) will be granted.  The court will issue an appropriate order.

Entered: September 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge